**DE GUI CHEN, Petitioner,**

**v.**

Alberto R. GONZALES,[1] Attorney
General, Respondent.

No. 03–40906–ag.

United States Court of Appeals,
Second Circuit.

Nov. 15, 2006.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

Gerald Karikari, New York, NY, for Petitioner.

Anthony J. Jenkins, United States Attorney, Ishmael A. Meyers, Jr., Assistant United States Attorney, St. Thomas, Virgin Islands, for Respondent.

PRESENT: Hon. RALPH K. WINTER, Hon. JOSÉ A. CABRANES and Hon. ROSEMARY S. POOLER, Circuit Judges.

### SUMMARY ORDER

Petitioner De Gui Chen, a native and citizen of the People's Republic of China, seeks review of an October 31, 2003 order of the BIA affirming the June 28, 2002 decision of Immigration Judge ("IJ") John Opaciuch, denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re De Gui Chen,* No. A 79 101 611 (B.I.A. Oct. 31, 2003), *aff'g* No. A 79 101 611 (Immig. Ct. N.Y. City June 28, 2002). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice,* 362 F.3d 155, 158 (2d Cir.2004). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004); *see also Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d

144, 158–60 (2d Cir.2006) (agreeing with this principle, but avoiding remand, in spite of deficiencies in an adverse credibility determination, because it could be confidently predicted that the IJ would adhere to the decision were the case remanded).

■ In this case, substantial evidence does not support the IJ's adverse credibility finding. The IJ improperly determined that Chen's testimony was "vague and unspecific" as to the dates on which: (1) his family's home had been damaged and his parents had been arrested; and (2) Chen had received the telephone call from his neighbor, alerting him to his family's situation, and wh̭n he had returned home subsequent to receiving the telephone call. This Court has held that testimony is "too vague" only if it does not identify facts corresponding to each of the elements on which the applicant has the burden of proof. *See Jin Shui Qiu v. Ashcroft*, 329 F.3d 140, 151 (2d Cir.2003). Furthermore, where an applicant gives "spare" testimony, the fact-finder "may wish to probe for incidental details, seeking to draw out inconsistencies that would support a finding of lack of credibility." *Id. at* 152. Without so probing, the fact-finder may risk failing to create a record that can support an adverse credibility finding. *See Jin Chen v. U.S. Dep't of Justice*, 426 F.3d 104, 114 (2d Cir.2005) (holding that the record did not support the agency's adverse credibility finding in the absence of additional probing). Although Chen was unable to recall the exact day upon which the incidents of persecution had occurred or when he had learned of them, he consistently testified that the government officials had damaged his home and arrested his parents for his grandparents' practice of Falun Gong in "May or June of 1999." [*See* JA at 337, 307, 61–63.] He also testified that he received the telephone call and returned home in "May or June of 1999."

[*Id.* at 62.] Regardless of the precise day in May or June that the incidents occurred, Chen's testimony supported an inference that his family had been persecuted for their political or religious support of Falun Gong—thereby identifying facts corresponding to elements on which he had the burden of proof. Additionally, even though the IJ probed Chen for the specific dates on which the incidents had occurred, Chen consistently testified that the incidents took place in "May or June of 1999." The IJ, therefore, did not "draw out" inconsistencies in Chen's testimony that would support an adverse credibility determination. For these reasons, substantial evidence does not support the IJ's determination that Chen's testimony was overly vague.

■ Furthermore, the IJ improperly relied on a purported discrepancy between Chen's written application and his testimony. According to the IJ, Chen's written application, stating that government officials attempted to arrest him and he escaped, was inconsistent with Chen's testimony, indicating that after the threatened arrest, Chen went to "Falun Gong spots and preached anti-government propaganda." In fact, Chen's application only indicates that at some undetermined point after the officials attempted to arrest Chen, he "ran away" and hid at a relative's home, and later fled China. Chen's testimony— that before hiding at his relative's home, he went to the "Falun Gong spots" and preached the anti-government propaganda—is entirely compatible with the account given in his asylum application. It is not inherently implausible that before leaving his hometown, Chen made anti-government speeches.

■ Although the IJ correctly noted that a discussion of the "anti-government propaganda" was absent from Chen's written asylum application, the omission in the

**918**

written application does not provide substantial evidence for the IJ's adverse credibility determination. This Court has held that "asylum applicants are not required to list every incident of persecution on their I–589 statements." *Pavlova v. INS*, 441 F.3d 82, 90 (2d Cir.2006). Because Chen was not required to list every incident of persecution on his asylum application, he should not have been penalized for his failure to mention any anti-government "propaganda" he had given before he escaped from his hometown. The IJ, therefore, improperly relied on this omission in making his adverse credibility determination.

█ The IJ properly noted that a discrepancy existed between a statement made during Chen's airport interview and his later account of persecution. During the airport interview, Chen stated that his parents had been taken away "right before [he] left China," but, both Chen's asylum application and his testimony indicated that his parents had been arrested in May or June 1999, and that Chen had left China in September 2000. However, even though the IJ was correct in noting this discrepancy, the inconsistency does not provide substantial evidence in support of the IJ's adverse credibility finding. To form the basis of an adverse credibility determination, a discrepancy must be "substantial" when measured against the record as a whole. *See Secaida–Rosales v. INS*, 331 F.3d 297, 308 (2d Cir.2003); *Chung Sai Zheng v. Gonzales*, 440 F.3d 76, 80 (2d Cir.2006); *Latifi v. Gonzales*, 430 F.3d 103, 105 (2d Cir.2005). Aside from this discrepancy, Chen's testimony was wholly consistent, and indicated that government officials destroyed his family's home, imprisoned his parents for a month, and continued to search for Chen at his family's house after his departure. When measured against these claims, Chen's

statement that his parents' arrest occurred "right before" his departure from China is not "substantial." The IJ's finding in this regard does not provide substantial evidence to support the determination that Chen's testimony lacked credibility.

In light of the errors made in the IJ's adverse credibility determination, it is impossible to "state with confidence that the IJ would adhere to his decision were the petition remanded." *Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 161 (2d Cir.2006). We must therefore grant Chen's petition for review of his asylum and withholding of removal claims.

█ Chen failed to challenge the IJ's CAT determination in his appeal to the BIA, or before this Court. His CAT claim is, therefore, unexhausted and waived. *Theodoropoulos v. INS*, 358 F.3d 162, 174 (2d Cir.2004); *Foster v. INS*, 376 F.3d 75, 78 (2d Cir.2004); *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

For the foregoing reasons, Chen's petition for review is GRANTED, the BIA's order is VACATED, and the case is REMANDED to the BIA for further proceedings consistent with this decision. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).